David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for Plaintiff
Mark Bentley

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Mark Bentley<br><br>Plaintiff,<br>v.<br><br>Experian Information Solutions, Equifax Information Services, LLC and Trans Union LLC | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their

grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Mark Bentley, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Experian Information Solutions ("EXPERIAN"), Equifax Information Services, LLC ("EQUIFAX") and Trans Union LLC, ("TU") (jointly referred to as "Defendants"), with regard to their conduct in the inaccurate reporting of a debt on Plaintiff's credit report, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.
10. Venue is proper pursuant to 28 U.S.C. § 1391 as the events described herein all occurred within the state of Arizona.
11. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

12. At the time in question, Plaintiff was a natural person who lived in the City of Show Low, State of Arizona.
13. Plaintiff is a Sergeant with the United States Marine Corp.
14. Defendant EQUIFAX is physically located at 1550 Peachtree Street NW, H46, in the City of Atlanta, State of Georgia, but regularly does business in the State of Arizona and maintains a registered agent for service of process within the State of Arizona.
15. Defendant EXPERIAN is physically located at 475 Anton Blvd. in the City of Costa Mesa, State of Arizona, and regularly does business in the State of Arizona.
16. Defendant TU is physically located at 555 West Adams Street in the City of Chicago, State of Illinois, but regularly does business in the State of Arizona and maintains a registered agent for service of process within the State of Arizona.
17. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
18. Defendants EXPERIAN, EQUIFAX, and TU are "consumer reporting agencies" as defined in 15 U.S.C. § 1681a(f) of the FCRA, as they all regularly engage in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any

means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

**FACTUAL ALLEGATIONS**

19. Sometime in February 2008, Plaintiff is alleged to have incurred certain financial obligations to Summit Healthcare regarding a hospital visit.

20. Sometime thereafter, but before June 2013, Plaintiff allegedly fell behind and defaulted on the payments allegedly owed on the alleged debt.

21. Plaintiff currently disputes the validity of this alleged debt.

22. Subsequent to the default, but before June 5, 2013, the alleged debt was assigned, placed, or otherwise transferred, to Thunderbird Collection Specialists ("Thunderbird") for collection.

23. On or about June 5, 2013, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

24. On or about On January 17, 2014 Plaintiff was able to call AHCCCS regarding the underlying debt Thunderbird was attempting to collect. AHCCCS confirmed to Plaintiff that Plaintiff was covered under their insurance and that a claim was never filled by Summit Healthcare the original creditor.

25. AHCCCS confirmed to Plaintiff he was not responsible for the alleged debt.

26. Therefore, Plaintiff did not, and does not owe the alleged debt being collected by Thunderbird.

27. Plaintiff subsequently learned that Thunderbird had incorrectly reported the alleged debts on his credit reports, thereby causing erroneous and negative credit information in Plaintiff's credit files.

28. Specifically, Defendant had reported the debt as being owed by him when in fact it is not, to the credit reporting agencies ("CRAs"), with a balance owed, as well as reported that the account was past due.

29. On or about January 29, 2014, Plaintiff disputed the accounts pursuant to 15 U.S.C. § 1681i(a)(2) by notifying all three credit report agencies, in writing, informing them of the incorrect entries including the fact that a balance was no longer owed.

30. Plaintiff provided to EXPERIAN, EQUIFAX, and TU copies of the letter he received from AHCCCS explaining he was not liable for the alleged debt.

31. Subsequently Plaintiff received notification from EXPERIAN that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Thunderbird had reported the alleged debt was owed by Plaintiff with a past due balance.

32. Subsequently Plaintiff received notification from EQUIFAX that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Thunderbird had reported the alleged debt was owed by Plaintiff with a past due balance.

33. Subsequently Plaintiff received notification from TU that Defendant received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Thunderbird had reported the alleged debt was owed by Plaintiff with a past due balance.

34. Thunderbird, upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

35. Thunderbird failed to contact either AHCCCS or the original creditor Summit Healthcare prior to verifying the inaccurate information on Plaintiff's credit report.

36. Plaintiff is further informed and believes that Defendants EXPERIAN, EQUIFAX, and TU failed to conduct a reasonable investigation into the accuracy of the information being disputed by Plaintiff, failed to correct or delete the information, failed to consider all relevant information supplied by Plaintiff in his disputes, failed to employ and follow reasonable procedures to prevent such inaccurate reportings, and simply inquired of Thunderbird if the information was accurate.

37. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendants, pursuant to 15 U.S.C. § 1681i(a)(1)(A), & 1681i(a)(5)(A) of the Federal FCRA (emphasis added):

> (a)(1)(A) In general. Subject to subsection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller***.
>
> (a)(5)(A) In general. ***If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall***—
>
>   (i) ***promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation***; and
>
>   (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

38. At all times during the aforementioned actions, there was in full force and effect the following obligation pertaining to Defendant EQUIFAX, pursuant to 15 U.S.C. § 1681e(a) & (b) of the Federal FCRA (emphasis added):

> (a) Identity and purposes of credit users. ***Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USCS § 1681c]*** and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USCS § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USCS § 1681b].
>
> (b) Accuracy of report. ***Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates***.

39. Plaintiff's continued efforts to correct Defendant's erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant and the pertinent CRAs was fruitless.

40. Defendants' continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

41. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

42. Defendant's actions caused Plaintiff actual damages to be suffered by Plaintiff including a possible loss of a job opportunity, harm to his professional reputation, and possibly compromising future security clearances.

43. Plaintiff has suffered actual damages as a result of Defendants' violations because he has suffered a significant decrease in his consumer credit score, which has resulted in loss of potential credit opportunity during a period of time when Plaintiff is in the market for purchasing a new home and needs to have the highest possible credit score in order to obtain a favorable mortgage loan.

44. Defendant's actions also caused Plaintiff to suffer emotional distress and mental anguish type damages which manifested in symptoms including but not limited to: stress, anxiety, worry, sleeplessness, hopelessness, pessimism, frustration, embarrassment, and humiliation all affecting his personal and professional relationships as well as impacting his job.

## CAUSES OF ACTION

### COUNT I

### AGAINST ALL DEFENDANTS

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

47. As the credit reporting agencies, Defendants have always been required to comply with 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) and 1681e(a) & (b) of the FCRA.

48. Plaintiff is informed and believes that Defendants violated 15 U.S.C. §§ 1681i(a)(1)(A) & (a)(5)(A) .

49. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

1. Actual damages or statutory damages of $100.00-$1,000.00 for each individual violation, as will be proven at trial, pursuant to 15 U.S.C. § 1681n(a)(1);

2. Such punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

3. Actual damages, as will be proven at trial, pursuant to 15 U.S.C. § 1681o(a)(1);

4. Injunctive relief to prohibit Defendant from engaging in future violations;

5. Any reasonable attorney's fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

                                       **Hyde & Swigart**

Date: July 22, 2015                         By: **/s/ David J. McGlothlin**
                                                                  David J. McGlothlin
                                                                  Attorneys for Plaintiff